IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CHAPTER 7 |
| ROBERT WORD SPIVEY | * | |
| | * | CASE NO. 13-70793-CMS-7 |
| DEBTOR . | * | |
| | * | |

## MOTION FOR AUTHORITY TO SELL PROPERTY
## OF THE ESTATE FREE AND CLEAR
## OF LIENS AND OTHER INTERESTS (STOCK)

Pursuant to Bankruptcy Code Section 363(b) and Federal Rules of Bankruptcy Procedure 2002(a)(2), 2002(c)(1) and 6004(c), the Trustee, Robert L. Shields, moves this Honorable Court for authority to sell property of the estate that is described below, free and clear of liens and other interests. The proposed sale is other than in the ordinary course of business.

**NOTICE IS HEREBY GIVEN THAT THE MOTION TO SELL ASSETS BY PRIVATE SALE IS SCHEDULED FOR HEARING ON FEBRUARY 6, 2014 <u>AT 9:00 O'CLOCK A.M.</u> IN THE BANKRUPTCY COURT, ROOM 2600, FEDERAL COURTHOUSE, 2005 UNIVERSITY BLVD, TUSCALOOSA, ALABAMA 35401. OBJECTIONS MAY BE MADE BY FILING THE ORIGINAL WITH THE COURT NO LATER THAN FIVE (5) DAYS PRIOR TO THE HEARING SET ON FEBRUARY 6, 2014 AND A COPY SERVED ON THE CHAPTER 7 TRUSTEE, ROBERT L. SHIELDS, 3021 LORNA ROAD, SUITE 301, BIRMINGHAM, ALABAMA 35216 AND JOSEPH E. BULGARELLA, BANKRUPTCY ADMINISTRATOR'S OFFICE, ROOM 1300, FEDERAL COURTHOUSE, 2005 UNIVERSITY BLVD, TUSCALOOSA, ALABAMA 35401.**

DESCRIPTION OF PROPERTY

**905 Shares of Principal Financial Group, Inc. Stock ("Principal Group Stock")**

1. The Bankruptcy Estate includes 905 shares of Principal Group Stock. The Principal Group stock is held in an account for the benefit of the bankruptcy estate in the name of the Trustee at Computershare Trust Company, N.A. The Shares are traded on a public exchange so that the proposed sales price for the Shares fluctuates constantly based upon the fluctuating price of the stock on the exchange.

2. The Shares shall be sold on the open market at the prevailing market price within thirty (30) days from the date the entry of an Order Approving Sale is entered by this Court. As of the date hereof, the approximate value of the Shares is estimated to be $44,345.00 U. S. Dollars. All property to be sold "as is, where is and without warranty express or implied". For information concerning the property, please contact the Bankruptcy Trustee.

3. The price at which such property is to be sold may not be greater than the aggregate value of all allowed liens on such property as required by Bankruptcy Code Section 363(f)(2), however, the Trustee feels that other Sections of 363(f) may apply. Upon information and belief, the Trustee believes that there are no liens attached to the Shares.

5. The Trustee proposes that the liens and interests, if any, of any parties shall attach to the proceeds received by the Trustee from the sale to the same extent and in the same priority they respectively have against the property.

6. The Trustee expects an expense may be incurred on account of the sale consistent with the ordinary and customary charge for executing sales of stock Computershare.

WHEREFORE, the Trustee moves the Court as follows:

(A) To Order and direct that service of this Motion be made in accordance with Federal Rule of Bankruptcy Procedure 9014 and on any parties named in Paragraph 2 above who have possible liens or other interests in the property to be sold.

(B) To Order each of the parties named in Paragraph 3 above or any other party claiming an interest in the Personal Property to file an Answer to this Motion.

(C) As required by Federal Rules of Bankruptcy Procedure 6004(c) and 2002(a)(2) and 2002(c)(1), to Order the date, time and place of hearing on this Motion and the time within which objections may be filed and served on the Trustee.

(D) On such hearing approve and confirm the proposed sale and to grant to the Trustee the authority to liquidate the shares at the price available on the publicly traded exchange for the Shares and to pay any customary sales commission payable as a result of the sale, and, and, pursuant to Federal Rule of Bankruptcy Procedure 6004(f)(2) grant the Trustee authority to execute any instrument or document necessary by order of the Court, or otherwise, to effect the transfer to the purchasers.

(E) On the date of such hearing, to Order that the liens and interests of any parties claiming an interest in the Shares shall attach to the proceeds received by the Trustee from the sale to the same extent and in the same priority they respectively have against the property.

(F) On the date of such hearing, to order the Trustee to hold the consideration paid to him on the date of the sale until any dispute can be resolved in an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001(2).

(G) To grant such other, further and different relief as may be proper in the premises to effect the sale of said properties and to distribute the proceeds derived from the sale to such person or entities entitled hereto.

Respectfully submitted this 8TH day of January, 2014.

/s/ Robert L. Shields, III
Robert L. Shields
Chapter 7 Trustee
3021 Lorna Road, Suite 301
Birmingham, Alabama 35216
(205) 823-1990

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon **all parties on the matrix**, attorneys of record by placing it in the U. S. mail with first-class postage prepaid, or by electronic filing when available.

This 8th day of January , 2014.

/s/ Robert L. Shields, III
Robert L. Shields III